UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEVON ROBERSON,<br><br>　　　　Plaintiff,<br>　　　　　v.<br>COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, DONNY YOUNGBLOOD, KERN COUNTY MEDICAL CENTER, CALIFORNIA FORENSIC MEDICAL GROUP, CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, GREG WILLIAMSON, and DOES 1-25,<br><br>　　　　Defendants. | 1:10-cv-01371 OWW JLT<br><br>MEMORANDUM DECISION RE: MOTION TO DISMISS DOC. |

## I. INTRODUCTION

Plaintiff Anthony Devon Roberson ("Plaintiff") proceeds with an action pursuant to 42 U.S.C. §1983 against Defendants County of Kern, Kern County Sheriff's Department, Donny Youngblood, Kern County Medical Center, California Forensic Medical Group, City of Bakersfield Police Department, Greg Williamson, and Does 1-25 (collectively "Defendants").  On February 28, 2011, Defendants City of Bakersfield, Bakersfield Police Department ("BPD"), and Greg Williamson ("City of Bakersfield") filed a motion to dismiss Plaintiff's complaint.  (Doc. 16, Motion to Dismiss.)  On the same date, Defendants County of Kern, Kern County Sheriff's Department, Donny Youngblood, and Kern Medical Center ("Kern County") filed a separate motion to dismiss Plaintiff's complaint.  (Doc. 19, Motion to Dismiss.)  Plaintiff did not file opposition.

## II. FACTUAL BACKGROUND

This action arises out of Plaintiff's arrest occurring on May 24, 2009. (Doc. 1, Plaintiff's Compl. 18.) In the early morning hours of May 24, 2009, Plaintiff was a passenger in a vehicle that was pulled over by Officers of the BPD. (Id.) When the officers asked Plaintiff to exit the vehicle and show identification, Plaintiff exited the car and fled the scene. (Id.) Officers eventually found Plaintiff hiding nearby and placed him in handcuffs. (Id. 19.) Plaintiff alleges the officers began to kick and punch him while he was handcuffed and lying on his stomach. (Id. 20.) Officers drove Plaintiff to the Bakersfield Police Station. (Id.) Plaintiff requested medical attention, but was denied. (Id. 22.) Plaintiff was eventually transferred to the Lerdo Pre-Trial Facility of the Kern County Sheriff's Department where he again requested, but was refused medical attention. (Id. 23-24.)

In July 2009, Plaintiff was talking to his girlfriend on the telephone at Lerdo Pre-Trial Facility when one of the corrections officers asked him to hang up the phone. (Id. 25.) Plaintiff alleges that after he asked to use the phone for a few more minutes, the officer responded by tackling him and beating him. (Id. 25.) As a result, Plaintiff was placed in the infirmary and then taken to the Kern County Medical Center. (Id. 26.) Plaintiff had a collapsed and punctured lung, broken ribs, and fluid in his lungs from which he developed a respiratory infection and underwent two surgeries. (Id.) Plaintiff alleges that even though he required continued medical care he was

prematurely released from the Medical Center and returned to the Lerdo Pre-Trial Facility. (Id. 28.) Plaintiff alleges he needed medical treatment once he returned to the Lerdo Pre-Trial Facility, but did not receive care. (Id. 29.)

### III. STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id* . Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschcrof v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Apart from factual insufficiency, a complaint is also

subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## IV. DISCUSSION

**A.  Federal Claims**

**1.  42 U.S.C. §1983 Eight Amendment Claims**

The City of Bakersfield contends the First, Second, and Third causes of action brought under 42 U.S.C. § 1983 as Eighth Amendment claims should be dismissed, because the Eighth Amendment does not apply before an adjudication of guilt. (Doc.,

16, at 8.) Defendants Kern County also move to dismiss the First, Second and Third causes of action pursuant to Rule 12(b)(6).

To establish liability under §1983, a Plaintiff must show: (1) the conduct complained of occurred under the color of state law, and (2) the conduct subjected the plaintiff to a deprivation of constitutional rights. *Brocam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1983). "It is the deprivation of constitutional rights for which the Act creates a remedy." *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" that support the plaintiff's claim. *Sherman v. Yakahi*, 549, F.2d 1287, 1290 (9th Cir. 1977) (quoting *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir. 1964)).

Plaintiff alleges three separate causes of action under § 1983 for violations of the Eighth Amendment. (Doc., 1, 37-56.) The complaint does not support any claim under the Eighth Amendment for cruel and unusual punishment because his complaint arises out of pre-trial detention. (Id.) Nevertheless, pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "[A] pro se civil rights complaint should be liberally construed, and should not be dismissed unless it appears certain that the plaintiff can prove no set of facts which would entitle him or her to relief." *Haddock v. Bd. of Dental Examiners of*

*California*, 777 F.2d 462, 464 (9th Cir. 1985); *Haines*, 404 U.S. at 520-21 (instructing federal courts to liberally construct pro se pleadings); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Liberal construction of a pro se complaint is especially important in a civil rights case and the pro se plaintiff must be afforded the benefit of any doubt. *Ferdick v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Even if the plaintiff erroneously relies on a different legal theory, if the complaint states a claim under any legal theory, the complaint should not be dismissed. *Id.*; *see also U.S. v. Howell*, 318 F.2d 162, 166 (9th Cir. 1963) [emphasis added].

a. <u>Eighth Amendment Claim for Deliberate Indifference to a Prisoner's Serious Medical Need</u>

Plaintiff's complaint alleges a failure to provide medical care during his pretrial detention. The City of Bakersfield correctly notes that Eighth Amendment claims do not arise until after conviction and sentencing. An allegation of failure to provide medical care to a person arrested for a crime, though not yet convicted, is analyzed under the due process clause of the Fourteenth Amendment. *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir.2003). In the Ninth Circuit, such an individual is entitled to due process rights at least as great as the Eighth Amendment protections afforded convicted prisoners:

> In light of the Supreme Court's observation that the due process rights of pretrial detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner," Revere, 463 U.S. at 244, we have recognized that, even though the pretrial detainees' rights arise under the Due Process Clause, the guarantees of the Eighth Amendment

> provide a minimum standard of care for determining their rights, including the rights to medical and psychiatric care. *Gibson*, 290 F.3d at 1187; *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir.1996); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir.1986).

*Walker v. Fresno Police Dept.*, 2010 WL 582084 (E.D. Cal. Feb. 11, 2010) (citing *Oregon Advocacy Ctr., v. Mink*, 322 F,3d 1101 (9th Cir. 2003).

Under the Eighth Amendment standard, "persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." *Gibson v. County Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). The Ninth Circuit employs a two-part test for deliberate indifference. First, the plaintiff must show a "serious medical need" by demonstrating that failure to treat the prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Second, the plaintiff must show the defendant's response to the medical need was deliberately indifferent. *Id.* at 1060. A plaintiff may demonstrate deliberate indifference by showing (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need, (2) and harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Under the heading "Statement of Facts" Plaintiff alleges he underwent two surgeries for his "life threatening" injuries and was prematurely released from the Medical Center. (Doc. 1, 28.) Although he needed continued medical treatment, he was not

provided continued care at the Lerdo Pre-Trial Facility. (Id., 29.) This indicates there is a factual basis for an Eighth Amendment claim for deliberate indifference to serious medical need. Accordingly, plaintiff may have a leave to AMEND his Eighth Amendment claims in accord with the Ninth Circuit's deliberate indifference standard.

b.   <u>Fourth Amendment Excessive Use of Force Claim</u>

Plaintiff's complaint also presents a claim of excessive use of force during his arrest. (Doc. 1, 18-20.) Plaintiff alleges Defendants engaged in overt acts such as kicking and punching him during his arrest. (Doc. 1, 20.) Where an excessive use of force claim arises in the context of an arrest, "it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons.'" Graham v. Connor, 490 U.S. 386, 395 (1989).

Fourth Amendment excessive use of force claims are analyzed under an objective reasonableness standard. *Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010). To determine whether an officer's use of force was objectively reasonable, courts conduct a three-step analysis: "First, we must assess the severity of the intrusion on the individual's Fourth Amendment rights by evaluating 'the type and amount of force inflicted.' Next, we must evaluate the government's interests by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was

resisting arrest or attempting to escape. Third, 'we balance the gravity of the intrusion on the individual against the government's need for that intrusion.' Ultimately, we must balance the force that was used by the officers against the need for such force to determine whether the force used was 'greater than is reasonable under the circumstances.'" *Morris v. Fresno Police Dept.*, 2010 WL 2197428 (quoting *Espinosa*, 598 F.3d at 537).

Although Plaintiff initially fled from the officers, his complaint alleges they began to "savagely kick and punch" him after he had already been handcuffed lying on his stomach on the ground. (Doc. 1 18-20.) Plaintiff's complaint also alleges one officer purposefully stomped on his fingers while Plaintiff was already handcuffed. (Id.) In light of these allegations the complaint is sufficient to state a Fourth Amendment claim for excessive force. Accordingly, the motion to dismiss is DENIED.

**B.   State Law Claims**

**1.   California Tort Claims Act**

The City of Bakersfield contend that all state law claims in Plaintiff's complaint should be dismissed because of Plaintiff's failure to comply with the California Tort Claims Act. (Doc. 16, MTD at 6.) Kern County similarly argues that the Fifth, Sixth and Seventh state law causes of action in Plaintiff's complaint be dismissed for failure to comply with the Tort Claims Act. (Doc. 19, MTD at 4.)

The California Tort Claims Act ("CTCA") requires that a tort claim against a public entity or its employees be presented to

the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. See Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County*, 32 Cal. 4th 1234, 1245 (2004); *Watson v. State of California*, 21 Cal. App. 4thh 836, 843 (1993); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to present the claim bars action. *Id.* Where compliance with the California Tort Claims Act is required, the plaintiff has the burden of pleading and proving compliance with the California Government Claims Act. *Id.*

Plaintiff's complaint fails to plead compliance with the CTCA. The complaint does not allege any facts showing he made an application to the City of Bakersfield to file a claim. On May 24, 2009, Plaintiff was aware of the facts giving rise to his claims against the Defendants and from that date he had six months to file a claim with the City of Bakersfield. (Doc. 1, Plaintiff's Compl., 18.) However, Plaintiff's complaint does not allege any facts that he filed or attempted to file a claim. (Id., 64-100.) The motion to dismiss is GRANTED without prejudice, and Plaintiff has leave to amend.

**C.    Defendants Kern County Motion**

**1.    California Welfare and Institutions Code §15657**

Kern County contends Plaintiff's Eighth cause of action fails to plead facts sufficient to support a claim for neglect of a dependent adult pursuant to California Welfare and Institutions

Code §15657. (Doc. 19, 6.) Defendants claim there are no factual allegations that establish the following: that Plaintiff is a "dependent adult"; that Defendants subjected Plaintiff to neglect; or that Defendants acted with recklessness when it committed the alleged neglect. (Id.)

Section 15657 provides heightened remedies to plaintiffs who successfully sue for dependent adult abuse. See Cal. Welf. & Inst. Code §15657. To obtain remedies, a plaintiff must prove by clear and convincing evidence that the defendant is liable for neglect or physical abuse, and that the defendant acted with recklessness, oppression, fraud, or malice. *Id.*; *Sababin v. Superior Court*, 144 Cal. App. 4th 81, 88 (2006).

a.   "Dependent Adult"

Under section 15610.23, a "dependent adult" "includes any person between the ages of 18 and 64 years who is admitted as an inpatient to a 24-hour health facility, as defined in Sections 1250, 1250.2, and 1250.3 of the Health and Safety Code." Cal. Welf. & Inst. Code § 15610.23. A "'health facility' means any facility, place, or building that is organized, maintained, and operated for the diagnosis, care, prevention, and treatment of human illness, physical or mental, including convalescence and rehabilitation and including care during and after pregnancy, or for any one or more of these purposes, for one or more persons, to which the persons are admitted for a 24-hour stay or longer." Cal. Health & Safety Code §1250.

Kern County correctly notes that under the caption for Plaintiff's Eight cause of action Plaintiff merely states he was

a "dependent adult as defined by Cal. Welfare and Institutions Code §15610.23" without any further factual allegation as to how he meets the statutory definition. (See Doc. 1  84.)  However, elsewhere in his complaint Plaintiff alleges that after receiving a beating from an officer at the Lerdo Pre-Trial Facility, he was taken to the Kern County Medical Center where he underwent two surgeries. (Id. at  26.)  Kern County medical Center is a 24-hour health facility within the meaning of §15610.23 as defined by California Health and Safety Code §1250. Accordingly, because Plaintiff's complaint alleges he was admitted to a 24-hour health facility he meets the statutory definition for "dependent adult."

**b.   Neglect**

Neglect under section 15657 "refers not to the substandard performance of medical services but, rather to the 'failure of those responsible for attending to the basic needs and comforts of elderly or dependent adults, regardless of their professional standing, to carry out their custodial obligations.'"  *Sababin v. Superior Court*, 144 Cal. App. 4th 81, 89 (2006).  The statutory definition of "neglect" refers to the failure to provide medical care, rather than the actual undertaking of medical services. *Covenant Care, Inc., v. Superior Court*, 32 Cal. 4th 771, 783 (2004). Examples of neglect include: the failure to assist in personal hygiene, or in the provision of food, clothing or shelter; the failure to provide medical care for physical and mental needs; the failure to protect from health and safety hazards; and the failure to prevent malnutrition or dehydration.

See Cal. Welf. & Inst. Code §15610.57.

Plaintiff's complaint alleges that "[d]espite the graveness and life threatening nature of his injuries and even though he continued to require the medical care of the Medical center" he was prematurely released within days of undergoing two surgeries. (Doc. 1, 28.)  Plaintiff also explicitly alleges, "Although [he] needed continued medical treatment, he was not provided such continued care at the Facility."  (Doc. 1, 29.)  Plaintiff's complaint sufficiently alleges Defendants subjected Plaintiff to neglect as defined in §15610.57.

a.   Recklessness

In addition to demonstrating neglect, a plaintiff must demonstrate by clear and convincing evidence that the defendant was reckless, oppressive, fraudulent, or malicious. *Sababin*, 144 Cal. App. 4th at 89 (quoting *Delany v. Baker*, 20 Cal.4th 23, 31 (1999)).  Recklessness "involves more than inadvertence, incompetence, unskillfulness, or a failure to take precautions, but rather rises to the level of a conscious choice of a course of action with knowledge of the serious danger to others involved in it." *Mack v. Soung*, 80 Cal. App. 4th 966, 972 (2000)(determining allegations that physician concealed existence of a serious bedsore of a patient, opposed her hospitalization where circumstances indicated it was medically necessary, and abandoned patient when her condition reached a critical stage were sufficient to state a claim under §15657.)

Plaintiff's complaint merely alleges Defendants "consciously disregarded the high degree of danger to his health, safety and

well-being." (Doc. 1, 86.) Without more, Plaintiff's allegation is a legal conclusion. Accordingly, Plaintiff's complaint does not state a claim for neglect of a dependent adult and Defendants Kern County motion to dismiss Plaintiff's Eighth cause of action is GRANTED.

**2. Negligent Infliction of Emotional Distress**

Kern County moves to dismiss Plaintiff's Ninth cause of action for the tort of negligent infliction of emotional distress on the ground that California does not recognize an independent tort of negligent infliction of emotional distress. (Doc. 19, 8.) Negligent infliction of emotional distress is not an independent tort, but rather the tort of negligence. *Lawson v. Management Activities, Inc.*, 69 Cal. App. 4th 652, 656; *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377 (Cal. Ct. App. 2010). Negligence requires a showing of the traditional elements of duty, breach of duty, causation and damages apply. *See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc*., 48 Cal.3d 583, 588 (1999). Duty to the plaintiff is an essential element of negligence. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993) (citing *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1073(1992)). Unless a defendant has assumed a duty to a plaintiff in which the emotional condition of the plaintiff is an object, "recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by the breach of duty." *Potter*, 6 Cal. 4th at 984. Duty may be "imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter*,

6 Cal. 4th at 984; *Marlene* F., 48 Cal. 3d at 590; *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 464 (2003).

Plaintiff's complaint simply alleges that Defendants owed him a duty of care. (Doc. 1, 90.) There are no allegations establishing whether the Defendants breached a duty imposed by law, assumed by the Defendants, or a duty that exists by virtue of a special relationship. See Potter, 6 Cal. 4th at 984; *Marlene F.*, 48 Cal. 3d at 590; *Friedman*, 107 Cal. App. 4th at 464. Furthermore, Plaintiff's complaint lacks factual allegations sufficient to establish Defendants' breach of duty was the direct and proximate cause of his emotional distress.

D. <u>Defendants City of Bakersfield Motion to Strike Prayer for Punitive Damages</u>

Pursuant to Rule 12(f), Defendants bring a motion to strike Plaintiff's prayer for punitive damages for his Fifth and Ninth causes of action. (Doc. 16, 9.) Rule 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." Fed. R. Civ. P. 12(f). Motions to strike should not be granted unless it is clear that the matter to be striken could have no possible bearing on the subject matter of the litigation. Colaprico v. Sun Microsystems Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

Defendants City of Bakersfield correctly contend punitive damages are not available to Plaintiff in an action against a municipality under 42 U.S.C. §1983, citing City of Newport v. Facts Concern, Inc., 453 U.S. 247 (1981). The Supreme Court in City of Newport held that punitive damages are not recoverable

against a municipality in a section 1983 suit. *City of Newport*, 453 U.S. at 260; *see e.g., Anderson v. City of Fresno*, 2007 U.S. Dist. Lexis 60007, *22 (E.D.Ca. 2007). The City of Bakersfield and the Bakersfield Police Department are thus immune from punitive damages under section 1983.

Punitive damages cannot be awarded against a municipality or the police department pursuant to Cal. Gov. Code §818 and Cal. Gov. Code 811.2. California Government Code section 818 provides that a "public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." The City of Bakersfield and the Police Department, as a public agency, are "public entities" under the statutory definition provided by California Government Code section 811.2. Accordingly, the Plaintiff may not recover punitive damages against them. Defendants City of Bakersfield's motion to strike prayer for punitive damages is GRANTED with prejudice.

### V. Conclusion

For reasons set forth above, Defendants' motion to dismiss:

    1) the 42 U.S.C. §1983 claims based on Eighth Amendment violations is GRANTED WITH LEAVE TO AMEND;

    2) the 42 U.S.C. §1983 claims based on Fourth Amendment violations for excessive use of force is DENIED;

    3) the state law claims are GRANTED WITH LEAVE TO AMEND;

    4) the Eighth Cause of Action for reckless or malicious neglect of a dependent adult is GRANTED WITH LEAVE TO AMEND

as to the City of Bakersfield and County;

5)   the request for punitive damages is GRANTED with prejudice.

Any amended complaint shall be filed within twenty (20) days following electronic service of this decision.  Defendants shall have twenty (20) days to file their response.

IT IS SO ORDERED.

**Dated:   July 13, 2011**                             /s/ Oliver W. Wanger
                                                          UNITED STATES DISTRICT JUDGE