IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEVON ROBERSON, | Case No.: 1:10-cv-01371 -- JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS |
| v. | |
| COUNTY OF KERN, et al., | ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO CASE |
| Defendants. | |

Anthony Devon Roberson ("Plaintiff") is proceeding *pro se* in this action, which he commenced on July 29, 2010. (Doc. 1). For the following reasons, the Court recommends the action be **DISMISSED**.

**I. Procedural History**

On March 16, 2011, the motion of Plaintiff's attorney to withdraw was granted. (Doc. 31) By this time, the Defendants had filed motions to dismiss (Docs. 16, 19, 21, 22) but Plaintiff had not filed opposition or statements of nonopposition to these motions. On May 3, 2011, the Court ordered Plaintiff to file an opposition or statement of non-opposition to the motions to dismiss within 20 days but he did not do so. (Doc. 34) Likewise, he did not appear at the hearing. (Doc. 36) On July 14, 2011, the Court granted in part and denied in part Defendants' motions to dismiss. (Doc. 37) This resulted in all causes of action, except for the excessive force claims based upon the Fourth Amendment, being dismissed. Id. at 16-17. The Court granted Plaintiff 20 days

leave to amend his complaint. Id. at 17. Plaintiff did not amend his complaint.

On July 21, 2011, the Court ordered the initial scheduling conference to be heard on October 7, 2011. (Doc. 40) However, on September 14, 2011, the Court issued its Order of Reassignment. (Doc. 41) This order vacated all hearing dates within 60 days of the order pending a determination of whether the parties would consent to Magistrate Judge jurisdiction Id. at 1. The order required the parties "to affirmatively indicate whether they consent to or decline the consent of the U.S. Magistrate Judge pursuant to 28 USC § 636 (c) . . . **WITHIN 30 DAYS OF THIS ORDER**." Doc. 41 at 2 (emphasis in original). Consequently, the parties were required to file a form indicating their consent or decline to Magistrate Judge jurisdiction, no later than October 14, 2011. Id. at 2.

Nevertheless, Plaintiff failed to file the form.[1] This failure resulted in the Court's October 18, 2011 order to Plaintiff to show cause why the action should not be dismissed due to his failure to obey the Court's order. (Doc. 52). To date, Plaintiff has failed to comply with or otherwise respond to the Court's Orders.

On October 11, 2011 and October 12, 2011 Defendants filed their motions to dismiss for Plaintiff's failure to prosecute the action. (Docs. 46, 47, 49) The matters are scheduled to be heard on November 14, 2011 and Plaintiff has failed to file an opposition or notice of non-opposition to the motions.

## II.   Failure to obey the Court's orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

---

[1] Defendants filed the forms promptly. (Docs. 42, 44)

2

requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.  Discussion and Analysis**

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, in the Order regarding consent, the parties were warned: "Failure to timely comply with this order will result in an Order to Show Cause and may result in sanctions."  (Doc. 41 at 2).  In addition, in the Order to Show Cause, Plaintiff was informed the Court may dismiss the matter if he failed to respond to the Court's Order.  (Doc. 52 at 1-2).  These warnings that failure to comply would result in sanctions, including dismissal, satisfy the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, and his failure to prosecute the action.  Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.  Order**

GOOD CAUSE being established therefor, the Court **HEREBY ORDERS** as follows:

1. The Clerk of Court is DIRECTED to assign a United States District Judge to this case;

      2.      The motions to dismiss, set on November 14, 2011, are continued to December 20, 2011 at 9:00 a.m. before Magistrate Judge Thurston.[2]

## V. Findings and Recommendations

Plaintiff failed to comply with the Court's order to consent or decline the jurisdiction of a magistrate judge, and the Court's order to show cause why the matter should not be dismissed. Accordingly, it is **HEREBY RECOMMENDED**:

Plaintiff's Complaint be **DISMISSED** for Plaintiff's failure to obey the Court's orders dated September 14, 2011, and October 18, 2011.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 3, 2011**                                   **/s/ Jennifer L. Thurston**
                                                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] If these Findings and Recommendations are adopted by the District Judge, the hearings on the motions to dismiss will be vacated.